1  **PINNOCK & WAKEFIELD**
   A Professional Corporation
2  David C. Wakefield, Esq.      Bar #: 185736
   Theodore A. Pinnock, Esq.     Bar #: 153434
3  Michelle L. Wakefield, Esq.   Bar #: 200424
   3033 Fifth Avenue, Suite 410
4  San Diego, CA 92103
   Telephone:  619.858.3671
5  Facsimile:  619.858.3646

6  Attorneys for Plaintiff

7

8

9              UNITED STATES DISTRICT COURT
10            NORTHERN DISTRICT OF CALIFORNIA

11 ROBERT MCCARTHY,                   C No. 06 1265

12            Plaintiff,    **CIVIL COMPLAINT:**
13                          DISCRIMINATORY PRACTICES IN
      v.                    PUBLIC ACCOMMODATIONS
14                          [42 U.S.C. 12182(a) ET. SEQ;
   RAF, INC., d.b.a. DOWNTOWN   CIVIL CODE 51, 52, 54, 54.1]
15 AUTO CENTER a.k.a. DOWNTOWN
   TOYOTA SUBARU SAAB; RALPH A.  NEGLIGENCE
16 FATTORE d.b.a. DOWNTOWN AUTO  [CIVIL CODE 1714(a), 2338,
17 CENTER a.k.a. DOWNTOWN TOYOTA 3333; EVIDENCE CODE 669(a)]
   SUBARU SAAB; RAF, INC.; RALPH
18 A. FATTORE; PATTERSON RANCH,  DEMAND FOR JURY TRIAL
   INC.; And DOES 1 THROUGH 10,  [F.R.Civ.P. rule 38(b)]
19 Inclusive
20
            Defendants.
21

22                    **INTRODUCTION**

23      Plaintiff ROBERT MCCARTHY herein complain, by filing this

24 Civil Complaint in accordance with rule 8 of the Federal Rules of

25 Civil Procedure in the Judicial District of the United States

26 District Court of the Northern District of California, that

27 Defendants have in the past, and presently are, engaging in

28

                              1

discriminatory practices against individuals with disabilities, specifically including minorities with disabilities. Plaintiff alleges this civil action and others substantial similar thereto are necessary to compel access compliance because empirical research on the effectiveness of Title III of the Americans with Disabilities Act indicates this Title has failed to achieve full and equal access simply by the executive branch of the Federal Government funding and promoting voluntary compliance efforts. Further, empirical research shows when individuals with disabilities give actual notice of potential access problems to places of public accommodation without a federal civil rights action, the public accommodations do not remove the access barriers.   Therefore, Plaintiff makes the following allegations in this federal civil rights action:

## JURISDICTION AND VENUE

1.   The federal jurisdiction of this action is based on the Americans with Disabilities Act, 42 United States Code 12101-12102, 12181-12183 and 12201, et seq.  Venue in the Judicial District of the United States District Court of the Northern District of California is in accordance with 28 U.S.C. § 1391(b) because a substantial part of Plaintiff's claims arose within the Judicial District of the United States District Court of the Northern District of California.

## INTRADISTRICT ASSIGNMENT

2.   Pursuant to Local Rule 3-2, this action should be assigned to the San Francisco Division as the property that is the subject of this action is situated in Alameda County.

## SUPPLEMENTAL JURISDICTION

3.    The Judicial District of the United States District Court of the Northern District of California has supplemental jurisdiction over the state claims as alleged in this Complaint pursuant to 28 U.S.C. § 1367(a).  The reason supplemental jurisdiction is proper in this action is because all the causes of action or claims derived from federal law and those arising under state law, as herein alleged, arose from common nucleus of operative facts.  The common nucleus of operative facts, include, but are not limited to, the incidents where Plaintiff was denied full and equal access to Defendants' facilities, goods, and/or services in violation of both federal and state laws when Plaintiff ROBERT MCCARTHY attempted to enter, use, and/or exit Defendants' facilities as described below within this Complaint.  Further, due to this denial of full and equal access, Plaintiff ROBERT MCCARTHY and other persons with disabilities were injured.  Based upon the said allegations, the state actions, as stated herein, are so related to the federal actions that they form part of the same case or controversy and the actions would ordinarily be expected to be tried in one judicial proceeding.

## NAMED DEFENDANTS AND NAMED PLAINTIFF

4.    Defendants are, and, at all times mentioned herein, were, a business or corporation or franchise organized and existing and/or doing business under the laws of the State of California. Defendants RAF, INC., d.b.a. DOWNTOWN AUTO CENTER a.k.a. DOWNTOWN TOYOTA SUBARU SAAB and RALPH A. FATTORE d.b.a. DOWNTOWN AUTO CENTER a.k.a. DOWNTOWN TOYOTA SUBARU SAAB are located at 4145

Broadway, Oakland, California, 94611.  Plaintiff is informed and believes and thereon alleges that Defendants RAF, INC., and RALPH A. FATTORE are the owners, operators, franchisees, and/or lessors of the DOWNTOWN AUTO CENTER a.k.a. DOWNTOWN TOYOTA SUBARU SAAB. Defendants RAF, INC., and RALPH A. FATTORE are located at 121 Sugar Creek Lane, Alamo, California, 94507.  Plaintiff is informed and believes and thereon alleges that Defendant PATTERSON RANCH, INC., is the owner, operator, and/or lessor of the real property located at 4145 Broadway, Oakland, California, 94611, Assessor Parcel Number 012-1001-014-02.  Defendant PATTERSON RANCH, INC., is located at 3493 Silver Springs Road, Lafayette, California, 94549.

5.   The words Plaintiff and Plaintiffs as used herein specifically include ROBERT MCCARTHY and persons associated with ROBERT MCCARTHY who accompanied him to Defendants' facilities.

6.   Defendants Does 1 through 10, were at all times relevant herein subsidiaries, employers, employees, agents, of RAF, INC., d.b.a. DOWNTOWN AUTO CENTER a.k.a. DOWNTOWN TOYOTA SUBARU SAAB; RALPH A. FATTORE d.b.a. DOWNTOWN AUTO CENTER a.k.a. DOWNTOWN TOYOTA SUBARU SAAB; RAF, INC.; RALPH A. FATTORE; and/or PATTERSON RANCH, INC.  Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiff will pray leave of the court to amend this complaint to allege the true names and capacities of the Does when ascertained.

7.   Plaintiff is informed and believes, and thereon alleges, that

Defendants and each of them herein were, at all times relevant to the action, the owner, lessor, lessee, franchiser, franchisee, general partner, limited partner, agent, employee, representing partner, or joint venturer of the remaining Defendants and were acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and/or authorized the acts alleged herein to each of the remaining Defendants.

## CONCISE SET OF FACTS

8.    Plaintiff ROBERT MCCARTHY has an impairment and due to this impairment he has learned to successfully operate a wheelchair.

9.    On January 20, 2006, Plaintiff ROBERT MCCARTHY went to Defendants' RAF, INC., d.b.a. DOWNTOWN AUTO CENTER a.k.a. DOWNTOWN TOYOTA SUBARU SAAB and RALPH A. FATTORE d.b.a. DOWNTOWN AUTO CENTER a.k.a. DOWNTOWN TOYOTA SUBARU SAAB (hereinafter referred to as "DOWNTOWN AUTO CENTER") facilities to utilize their goods and/or services. When Plaintiff ROBERT MCCARTHY patronized Defendants' facilities, he was unable to use and/or had difficulty using the public accommodations' disabled parking, exterior path of travel, access ramp, entrance, counter, and restroom facilities at Defendants' DOWNTOWN AUTO CENTER business establishment because they failed to comply with ADA Access Guidelines For Buildings and Facilities (hereafter referred to as "ADAAG") and/or California's Title 24 Building Code Requirements. Defendants failed to remove access barriers within the disabled parking, exterior path of

travel, access ramp, entrance, counter, and restroom facilities of Defendants' DOWNTOWN AUTO CENTER establishment. Plaintiff ROBERT MCCARTHY intends to return to Defendants' DOWNTOWN AUTO CENTER facilities in the immediate future.

10.   Plaintiff ROBERT MCCARTHY personally experienced difficulty with said access barriers at Defendants' DOWNTOWN AUTO CENTER facilities.  For example, the frontage of Defendants' DOWNTOWN AUTO CENTER establishment abuts a public sidewalk.  Plaintiff ROBERT MCCARTHY circled the block twice and could not see off-street parking.  There are signs outside of the establishment for "Parts and Service" with arrows pointing to a driveway leading into the building.  There fails to be any disabled parking and "Van Accessible" disabled parking at this establishment.

11.   Plaintiff ROBERT MCCARTHY pulled into the building and parked in one (1) of the narrow vehicular lanes.  There failed to be enough room for Plaintiff ROBERT MCCARTHY to exit his vehicle with his wheelchair.  A Service Department employee approached Plaintiff ROBERT MCCARTHY and Plaintiff ROBERT MCCARTHY explained to the employee his dilemma of not being able to exit his vehicle. Plaintiff ROBERT MCCARTHY inquired if there was a larger parking space for him to park his vehicle by taking up two (2) parking spaces.  Plaintiff ROBERT MCCARTHY was informed that there was not a larger parking space for him to park his vehicle.  Plaintiff ROBERT MCCARTHY was informed he would have to move his vehicle and use the outside on-street public parking.  Plaintiff ROBERT MCCARTHY did see another patron of Defendants' establishment park in this parking area and walk into the Parts Department.

12.   There are two (2) distinct glass and chrome front doors leading into Defendants' dealership from the public sidewalk. Each door is located up a ramp that fails to have a flat exterior surface near the door.  Plaintiff ROBERT MCCARTHY entered through the west door, nearest to the Service and Parts Departments. Plaintiff ROBERT MCCARTHY had extreme difficulties in opening this door, as there is a backward slant to the access ramp.  Also, this door fails to have the required maneuvering room between the wall of the ramp and the entrance door handle.  This entrance door also has a very low bottom rail and a low doorstopper on the inside bottom corner of the door.  As a result of these architectural barriers, the right big wheel of Plaintiff ROBERT MCCARTHY's wheelchair snagged on the low door stopper of this door as he attempted to pass through this entrance door.  Both of the entrance doors fail to have the required disability signage. Later, when Plaintiff ROBERT MCCARTHY exited the building via this doorway, the door was propped open.  Leaving the Sales Department and heading toward the Parts Department, Plaintiff ROBERT MCCARTHY traveled through the service counter enclosure, which is the most direct route, instead of around the enclosure and into a vehicular traffic lane.  There is a sliding door at each end of the enclosure, both of which are extremely narrow at approximately twenty-six inches to twenty-eight inches (26" to 28") wide.  The door openings are so narrow that Plaintiff ROBERT MCCARTHY scraped three (3) knuckles on his right hand attempting to pass through these doors.

13.   The counter in the Parts Department is too high to be

accessible, as it is forty-eight inches (48") high.  Plaintiff ROBERT MCCARTHY experienced extreme difficulty in reaching over the high parts counter to receive his purchase of a Toyota van air filter.  Around the corner, at a separate counter, Plaintiff ROBERT MCCARTHY had difficulty at the high cashier counter.  This counter is forty-two inches (42") above the finished floor. Plaintiff ROBERT MCCARTHY was forced to sign his credit card transaction slip on the air filter box, as no clipboard was offered.

14.    Returning to the showroom area, Plaintiff ROBERT MCCARTHY traveled around the service counter enclosure.  Plaintiff ROBERT MCCARTHY asked a salesman, Johnny Julio Wong, if he could use the restroom.  Mr. Wong informed Plaintiff ROBERT MCCARTHY that the customer restroom is located on the second floor of the building and that there is no elevator access to the second floor.  Mr. Wong directed and escorted Plaintiff ROBERT MCCARTHY to the Subaru showroom, which as a restroom located on the first floor.

15.    Down the sidewalk, at the Subaru dealership area, Plaintiff ROBERT MCCARTHY located a unisex restroom with a wheelchair accessible sign.  Plaintiff ROBERT MCCARTHY was precluded from locking the unisex restroom entrance door, as the locking mechanism is a small, round lock that requires tight grasping and/or twisting of the wrist to operate.  The commode blocks the commode seat protective cover dispenser and the commode seat protective cover dispenser is mounted too high to be accessible. As a result, Plaintiff ROBERT MCCARTHY was precluded from reaching the commode seat protective covers.  Plaintiff ROBERT MCCARTHY

found it impossible to transfer from his wheelchair to commode, as the commode is located too far away from the sidewall and the existing grab bars.  This commode is twenty-three inches (23″) from the sidewall and the grab bars.  There fails to be sufficient knee clearance under the lavatory sink due to the existence of a large water filter.  As a result, Plaintiff ROBERT MCCARTHY was precluded from pushing forward towards the lavatory sink.  The liquid soap dispenser is mounted too high on the wall above the sink and, therefore, fails to be accessible.  Plaintiff ROBERT MCCARTHY had extreme difficulty reaching one (1) of the paper towel dispensers, as the dispenser is mounted forty-seven inches (47″) above the floor.  The other existing paper towel dispenser is mounted even higher at fifty-eight inches to sixty inches (58″ to 60″) above the floor.  The bottom edge of the mirror is also too high to be accessible.

16.   Plaintiff ROBERT MCCARTHY SPOKE TO Mr. Steve Litwin at the Subaru showroom area.  As Plaintiff ROBERT MCCARTHY was exiting the building, Plaintiff ROBERT MCCARTHY had difficulty with the low bottom rail of the metal-framed entrance/exit doors.  Also, this entrance/exit door fails to have the required disability signage.

17.  Plaintiff ROBERT MCCARTHY is presently deterred from returning due to his knowledge of the barriers to access that exist at Defendants' DOWNTOWN AUTO CENTER facilities.

18.  Pursuant to federal and state law, Defendants are required to remove barriers to their existing facilities.  Further, Defendants had actual knowledge of their barrier removal duties under the

Americans with Disabilities Act and the Civil Code before January 26, 1992.  Also, Defendants should have known that individuals with disabilities are not required to give notice to a governmental agency before filing suit alleging Defendants failed to remove architectural barriers.

19.    Plaintiff believes and herein alleges Defendants' DOWNTOWN AUTO CENTER facilities have access violations not directly experienced by Plaintiff ROBERT MCCARTHY which preclude or limit access by other persons with disabilities, including but not limited to violations relating to Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones. Accordingly, Plaintiff alleges Defendants are required to remove all architectural barriers, known or unknown.  Also, Plaintiff alleges Defendants are required to utilize the ADA checklist for Readily Achievable Barrier Removal approved by the United States Department of Justice and created by Adaptive Environments.

20.    Based on these facts, Plaintiff ROBERT MCCARTHY alleges he was discriminated against each time he patronized Defendants' DOWNTOWN AUTO CENTER establishment.  Plaintiff ROBERT MCCARTHY was extremely upset due to Defendants' conduct.  Further, Plaintiff ROBERT MCCARTHY experienced pain in his legs, back, arms,

shoulders and wrists when he attempted to enter, use, and exit Defendants' facilities.

NOTICE

21.   Plaintiff is not required to provide notice to the defendants prior to filing a complaint.   *Botosan v. Paul McNally Realty*, 216 F.3d 827, 832 (9th Cir 2000).

**WHAT CLAIMS IS PLAINTIFF ALLEGING AGAINST EACH NAMED DEFENDANT**

22.   RAF, INC., d.b.a. DOWNTOWN AUTO CENTER a.k.a. DOWNTOWN TOYOTA SUBARU SAAB; RALPH A. FATTORE d.b.a. DOWNTOWN AUTO CENTER a.k.a. DOWNTOWN TOYOTA SUBARU SAAB; RAF, INC.; RALPH A. FATTORE; PATTERSON RANCH, INC.; and Does 1 through 10 will be referred to collectively hereinafter as "Defendants."

23.   Plaintiff avers that the Defendants are liable for the following claims as alleged below:

DISCRIMINATORY PRACTICES IN PUBLIC ACCOMMODATIONS

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS-   **Claims Under The Americans With Disabilities Act Of 1990**

CLAIM I AGAINST ALL DEFENDANTS: **Denial Of Full And Equal Access**

24.   Based on the facts plead at ¶¶ 7 - 20 above and elsewhere in this complaint, Plaintiff ROBERT MCCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations.   Plaintiff alleges Defendants are a public accommodation owned, leased and/or operated by Defendants. Defendants' existing facilities and/or services failed to provide full and equal access to Defendants' facility as required by 42 U.S.C. § 12182(a).   Thus, Plaintiff

11

ROBERT MCCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff ROBERT MCCARTHY was denied equal access to Defendants' existing facilities.

25.   Plaintiff ROBERT MCCARTHY has physical impairments as alleged in ¶ 8 above because his conditions affect one or more of the following body systems:  neurological, musculoskeletal, special sense organs, and/or cardiovascular.  Further, Plaintiff ROBERT MCCARTHY's said physical impairments substantially limits one or more of the following major life activities:  walking.  In addition, Plaintiff ROBERT MCCARTHY cannot perform one or more of the said major life activities in the manner, speed, and duration when compared to the average person.  Moreover, Plaintiff ROBERT MCCARTHY has a history of or has been classified as having a physical impairment as required by 42 U.S.C. § 12102(2)(A).

CLAIM II AGAINST ALL DEFENDANTS: **Failure To Make Alterations In Such A Manner That The Altered Portions Of The Facility Are Readily Accessible And Usable By Individuals With Disabilities**

26.   Based on the facts plead at ¶¶ 7 - 20 above and elsewhere in this complaint, Plaintiff ROBERT MCCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants altered their facility in a manner that affects or could affect the usability of the facility or a part of the facility after January 26, 1992. In performing the alteration, Defendants failed to make the alteration in such a manner that, to

the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs, in violation of 42 U.S.C. §12183(a)(2).

27.  Additionally, the Defendants undertook an alteration that affects or could affect the usability of or access to an area of the facility containing a primary function after January 26, 1992. Defendants further failed to make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities in violation 42 U.S.C. §12183(a)(2).

28.  Pursuant to 42 U.S.C. §12183(a), this failure to make the alterations in a manner that, to the maximum extent feasible, are readily accessible to and usable by individuals with disabilities constitutes discrimination for purposes of 42 U.S.C. §12183(a). Therefore, Defendants discriminated against Plaintiff in violation of 42 U.S.C. § 12182(a).

29.  Thus, Plaintiff ROBERT MCCARTHY was subjected to discrimination in violation of 42 U.S.C. § 12183(a), 42 U.S.C. §12182(a) and 42 U.S.C. §12188 because Plaintiff ROBERT MCCARTHY was denied equal access to Defendants' existing facilities.

CLAIM III AGAINST ALL DEFENDANTS: **Failure To Remove Architectural Barriers**

30.  Based on the facts plead at ¶¶ 7 - 20 above and elsewhere in this complaint, Plaintiff ROBERT MCCARTHY was denied full and equal access to Defendants' goods, services, facilities,

privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants. Defendants failed to remove barriers as required by 42 U.S.C. § 12182(a). Plaintiff is informed, believes, and thus alleges that architectural barriers which are structural in nature exist within the following physical elements of Defendants' facilities: Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones. Title III requires places of public accommodation to remove architectural barriers that are structural in nature to existing facilities. [See, 42 United States Code 12182(b)(2)(A)(iv).] Failure to remove such barriers and disparate treatment against a person who has a known association with a person with a disability are forms of discrimination. [See 42 United States Code 12182(b)(2)(A)(iv).] Thus, Plaintiff ROBERT MCCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because he was denied equal access to Defendants' existing facilities.

CLAIM IV AGAINST ALL DEFENDANTS: **Failure To Modify Practices, Policies And Procedures**

31.  Based on the facts plead at ¶¶ 7 - 20 above and elsewhere in this complaint, Defendants failed and refused to provide a

reasonable alternative by modifying its practices, policies and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services, as required by 42 U.S.C. § 12188(a). Thus, Plaintiff ROBERT MCCARTHY was subjected to discrimination in violation of 42 United States Code 12182(b)(2)(A)(iv) and 42 U.S.C. § 12188 because Plaintiff ROBERT MCCARTHY was denied equal access to Defendants' existing facilities.

32.     Based on the facts plead at ¶¶ 7 - 20 above, Claims I, II, and III of Plaintiff's First Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation. Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community. Plaintiff alleges there is a national public interest in requiring accessibility in places of public accommodation. Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants. Plaintiff desires to return to Defendants' places of business in the immediate future. Accordingly, the Plaintiff alleges that a structural or mandatory injunction is necessary to enjoin compliance with federal civil rights laws enacted for the benefit of individuals with disabilities.

33.     WHEREFORE, Plaintiff prays for judgment and relief as

hereinafter set forth.

SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS - **CLAIMS UNDER CALIFORNIA ACCESSIBILITY LAWS**

CLAIM I: **Denial Of Full And Equal Access**

34.   Based on the facts plead at ¶¶ 7 - 20 above and elsewhere in this complaint, Plaintiff ROBERT MCCARTHY was denied full and equal access to Defendants' goods, services, facilities, privileges, advantages, or accommodations within a public accommodation owned, leased, and/or operated by Defendants as required by Civil Code Sections 54 and 54.1.  Defendants' facility violated California's Title 24 Accessible Building Code by failing to provide access to Defendants' facilities due to violations pertaining to the Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones.

35.   These violations denied Plaintiff ROBERT MCCARTHY full and equal access to Defendants' facility. Thus, Plaintiff ROBERT MCCARTHY was subjected to discrimination pursuant to Civil Code §§ 51, 52, and 54.1 because Plaintiff ROBERT MCCARTHY was denied full, equal and safe access to Defendants' facility, causing severe emotional distress.

///

CLAIM II: **Failure To Modify Practices, Policies And Procedures**

36.   Based on the facts plead at ¶¶ 7 - 20 above and elsewhere herein this complaint, Defendants failed and refused to provide a reasonable alternative by modifying its practices, policies, and procedures in that they failed to have a scheme, plan, or design to assist Plaintiff and/or others similarly situated in entering and utilizing Defendants' services as required by Civil Code § 54.1.   Thus, Plaintiff ROBERT MCCARTHY was subjected to discrimination in violation of Civil Code § 54.1.

CLAIM III: **Violation Of The Unruh Act**

37.   Based on the facts plead at ¶¶ 7 - 20 above and elsewhere herein this complaint and because Defendants violated the Civil Code § 51 by failing to comply with 42 United States Code § 12182(b)(2)(A)(iv) and 42 U.S.C. § 12183(a)(2), Defendants did and continue to discriminate against Plaintiff and persons similarly situated in violation of Civil Code §§ 51, 52, and 54.1.

38.   Based on the facts plead at ¶¶ 7 - 20 above, Claims I, II, and III of Plaintiff's Second Cause Of Action above, and the facts elsewhere herein this complaint, Plaintiff will suffer irreparable harm unless Defendants are ordered to remove architectural, non-architectural, and communication barriers at Defendants' public accommodation.   Plaintiff alleges that Defendants' discriminatory conduct is capable of repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial segment of the disability community.   Plaintiff alleges there is a state and national public interest in requiring accessibility in places

of public accommodation.  Plaintiff has no adequate remedy at law to redress the discriminatory conduct of Defendants.  Plaintiff desires to return to Defendants' places of business in the immediate future.  Accordingly, the Plaintiff alleges that a structural or mandatory injunction is necessary to enjoin compliance with state civil rights laws enacted for the benefit of individuals with disabilities.

39.  Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

### Treble Damages Pursuant To Claims I, II, III Under The California Accessibility Laws

40.  Defendants, each of them respectively, at times prior to and including, the month of January, 2006, and continuing to the present time, knew that persons with physical disabilities were denied their rights of equal access to all potions of this public facility.  Despite such knowledge, Defendants, and each of them, failed and refused to take steps to comply with the applicable access statutes; and despite knowledge of the resulting problems and denial of civil rights thereby suffered by Plaintiff and other similarly situated persons with disabilities.  Defendants, and each of them, have failed and refused to take action to grant full and equal access to persons with physical disabilities in the respects complained of hereinabove.  Defendants, and each of them, have carried out a course of conduct of refusing to respond to, or correct complaints about, denial of disabled access and have refused to comply with their legal obligations to make Defendants' DOWNTOWN AUTO CENTER facilities accessible pursuant to the

Americans With Disability Act Access Guidelines (ADAAG) and Title
24 of the California Code of Regulations (also known as the
California Building Code). Such actions and continuing course of
conduct by Defendants, and each of them, evidence despicable
conduct in conscious disregard of the rights and/or safety of
Plaintiff and of other similarly situated persons, justifying an
award of treble damages pursuant to sections 52(a) and 54.3(a) of
the California Civil Code.

41. Defendants, and each of their actions have also been
oppressive to persons with physical disabilities and of other
members of the public, and have evidenced actual or implied
malicious intent toward those members of the public, such as
Plaintiff and other persons with physical disabilities who have
been denied the proper access to which they are entitled by law.
Further, Defendants, and each of their, refusals on a day-to-day
basis to correct these problems evidence despicable conduct in
conscious disregard for the rights of Plaintiff and other members
of the public with physical disabilities.

42. Plaintiff prays for an award of treble damages against
Defendants, and each of them, pursuant to California Civil Code
sections 52(a) and 54.3(a), in an amount sufficient to make a more
profound example of Defendants and encourage owners, lessors, and
operators of other public facilities from willful disregard of the
rights of persons with disabilities. Plaintiff does not know the
financial worth of Defendants, or the amount of damages sufficient
to accomplish the public purposes of section 52(a) of the
California Civil Code and section 54.3 of the California Civil

Code.

43.   Wherefore, Plaintiff prays for damages and relief as hereinafter stated.

THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS- **Negligence.**

44.   Based on the facts plead at ¶¶ 7 - 20 above and elsewhere in this complaint, Defendants owed Plaintiff ROBERT MCCARTHY a statutory duty to make their facility accessible and owed Plaintiff ROBERT MCCARTHY a duty to keep him reasonably safe from known dangers and risks of harm. This said duty arises by virtue of legal duties proscribed by various federal and state statutes including, but not limited to, ADA, ADAAG, Civil Code 51, 52, 54, 54.1 and Title 24 of the California Administrative Code and applicable 1982 Uniform Building Code standards as amended.

45.   Title III of the ADA mandates removal of architectural barriers and prohibits disability discrimination.  As well, Defendants' facility, and other goods, services, and/or facilities provided to the public by Defendants are not accessible to and usable by persons with disabilities as required by Health and Safety Code § 19955 which requires private entities to make their facility accessible before and after remodeling, and to remove architectural barriers.

46.   Therefore, Defendants engaged in discriminatory conduct in that they failed to comply with known duties under the ADA, ADAAG, Civil Code 51, 52, 54, 54.1, 54.3, ADAAG, and Title 24, and knew or should have known that their acts of nonfeasance would cause Plaintiff ROBERT MCCARTHY emotional, bodily and personal injury. Plaintiff ROBERT MCCARTHY further alleges that such conduct was

done in reckless disregard of the probability of said conduct causing Plaintiff ROBERT MCCARTHY to suffer bodily or personal injury, anger, embarrassment, depression, anxiety, mortification, humiliation, distress, and fear of physical injury. Plaintiff ROBERT MCCARTHY alleges that such conduct caused him to suffer the injuries of mental and emotional distress, including, but not limited to, anger, embarrassment, depression, anxiety, mortification, humiliation, distress, and fear of physical injury. Further, Plaintiff ROBERT MCCARTHY experienced pain in his legs, back, arms, shoulders and wrists when he attempted to enter, use, and exit Defendants' facilities.   Plaintiff ROBERT MCCARTHY additionally alleges that such conduct caused him to suffer damages as a result of these injuries.

47.   Wherefore, Plaintiff ROBERT MCCARTHY prays for damages and relief as hereinafter stated.


DEMAND FOR JUDGMENT FOR RELIEF:

A.     For general damages pursuant to Cal. Civil Code §§ 52, 54.3, 3281, and 3333;

B.     For $4,000 in damages pursuant to Cal. Civil Code § 52 for each and every offense of Civil Code § 51, Title 24 of the California Building Code, ADA, and ADA Accessibility Guidelines;

C.     In the alternative to the damages pursuant to Cal. Civil Code § 52 in Paragraph B above, for $1,000 in damages pursuant to Cal. Civil Code § 54.3 for each and every offense of Civil Code § 54.1, Title 24 of the California Building Code, ADA, and ADA

Accessibility Guidelines;

D.     For injunctive relief pursuant to 42 U.S.C. § 12188(a) and Cal. Civil Code § 55.  Plaintiff requests this Court enjoin Defendants to remove all architectural barriers in, at, or on their facilities related to the following: Space Allowance and Reach Ranges, Accessible Route, Protruding Objects, Ground and Floor Surfaces, Parking and Passenger Loading Zones, Curb Ramps, Ramps, Stairs, Elevators, Platform Lifts (Wheelchair Lifts), Windows, Doors, Entrances, Drinking Fountains and Water Coolers, Water Closets, Toilet Stalls, Urinals, Lavatories and Mirrors, Sinks, Storage, Handrails, Grab Bars, and Controls and Operating Mechanisms, Alarms, Detectable Warnings, Signage, and Telephones.

E.     For attorneys' fees pursuant to 42 U.S.C. § 1988, 42 U.S.C. § 12205, and Cal. Civil Code §§ 1032 and 1033.5;

F.     For treble damages pursuant to Cal. Civil Code §§  52(a), and 54.3(a);

G.     A Jury Trial and;

H.     For such other further relief as the court deems proper.

Respectfully submitted:

PINNOCK & WAKEFIELD, A.P.C.

Dated:     February 13, 2006

By: _____
DAVID C. WAKEFIELD, ESQ.
MICHELLE L. WAKEFIELD, ESQ.
Attorneys for Plaintiff

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**

ROBERT MCCARTHY

**DEFENDANTS**

RAF, INC., d.b.a. DOWNTOWN AUTO CENTER a.k.a. DOWNTOWN TOYOTA SUBARU SAAB; RALPH A. FATTORE d.b.a. DOWNTOWN AUTO CENTER a.k.a. DOWNTOWN TOYOTA SUBARU SAAB; RAF, INC.; RALPH A. FATTORE; PATTERSON RANCH, INC.; And DOES 1 THROUGH 10, Inclusive, Defendants

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

San Diego

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Alameda

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David C. Wakefield, Esq., SBN: 185736, Pinnock & Wakefield
3033 5th Ave., #410, San Diego, CA 92103, (619) 858-3671

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [x] Original Proceeding
- [ ] Removed from State Court
- [ ] Remanded from Appellate Court
- [ ] Reinstated or Reopened
- [ ] Transfered from Another district (specify)
- [ ] Multidistrict Litigation
- [ ] Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury Med Malpractice
- [ ] 365 Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth In Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 RR & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt Relations
- [ ] 730 Labor/Mgmt Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl.Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (US Plaintiff or Defendant
- [ ] 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights
- [ ] 445 Amer w/ disab - Empl
- [x] 446 Amer w/ disab - Other
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Satellite TV

**PRISONER PETITIONS**
- [ ] 510 Motion to Vacate Sentence Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

42 U.S.C. Sections 12101-12102, 12181-12183, and 12201, Et. Seq.

## VII. REQUESTED IN COMPLAINT: [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ [_____] CHECK YES only if demanded in complaint:

JURY DEMAND: [x] YES  [ ] NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

- [x] SAN FRANCISCO/OAKLAND
- [ ] SAN JOSE

DATE 2/16/06     SIGNATURE OF ATTORNEY OF RECORD _David C. Wakefield_